IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COUNTRYWIDE HOME LOANS, INC., ET AL.,

    Plaintiffs,

  v.

MORTGAGE GUARANTY INSURANCE CORPORATION,

    Defendant.

No. C 10-00233 JSW

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Now before the Court is the motion to remand filed by plaintiffs Countrywide Home Loans, Inc. and BAC Home Loans Servicing, LP (collectively "Countrywide"). The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for April 2, 2010 is HEREBY VACATED. Having carefully reviewed the parties' papers and considering their arguments and the relevant authority, and good cause appearing, the Court hereby GRANTS Countrywide's motion to remand.

**BACKGROUND**

Countrywide filed a complaint for declaratory relief on December 17, 2009 in the Superior Court of the State of California for the City and County of San Francisco. The complaint contains a single cause of action seeking declaratory judgment, under California law, interpreting the rights and obligations of the parties under a standard "flow" mortgage insurance policy ("Flow Policy") issued by defendant, Mortgage Guaranty Insurance Corporation

1 ("MGIC" or "Defendant"). The complaint alleges that MGIC denies mortgage insurance claims submitted by Countrywide, based on unreasonable interpretations of the language contained in the standard mortgage insurance policy. Countrywide filed their complaint in state court to obtain a judicial interpretation of the policy language. MGIC removed the case to federal court pursuant to 28 U.S.C. § 1441(b).

Countrywide does not contest the assertion of federal jurisdiction in this matter. However, Countrywide contends that federal courts may exercise broad discretion under the Declaratory Judgment Act to abstain from exercising its jurisdiction where (1) resolution of the issues raised turn entirely on the application of state law; (2) the case involves no additional claims over which the Court is unable to decline jurisdiction; and (3) an available and preferable forum exists in the California state court.

MGIC argues that the standard Flow Policy contains an arbitration clause which provides that "all controversies, disputes or other assertions of liability or rights arising out of or relating to this Policy, including breach, interpretation or construction thereof, shall be settled by arbitration." (Complaint, Ex. A, Flow Policy § 7.6(a).) A narrow exception to this arbitration clause was limited to seeking declaratory relief on "matters of interpretation of the Policy." (*Id.*) MGIC moves to stay this action pending resolution of the arbitration it has initiated to resolve Countrywide's claims for insurance coverage.

The Court will address additional specific facts as required in the analysis.

## ANALYSIS

### A. Legal Standards on a Motion to Remand.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally filed in state court may be removed to federal court only if the district court could

2

have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, a court must construe the removal statute strictly and reject jurisdiction if there is any doubt regarding whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

**B.     Plaintiffs' Motion to Remand.**

Countrywide argues that the Court should abstain to exercise jurisdiction and remand this matter pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 *et seq.* The DJA grants courts discretionary jurisdiction to declare the rights of litigants. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (citing 28 U.S.C. § 2201(a)). Under *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942), the district court must undertake an analysis to determine whether it should exercise its discretionary jurisdiction. In making the determination whether to exercise jurisdiction, the Court should (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid duplicative litigation. *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). Moreover, if the Court declines to hear claim for declaratory relief, it must "explain the basis for its decision on the record," specifically analyzing the *Brillhart* factors to demonstrate how it came to the conclusion to dismiss the claim. *Principal Life Ins. Co. v. Robinson,* 394 F.3d 665, 672 (9th Cir. 2004). The Court may consider several additional factors when considering whether to decline to hear a claim for declaratory relief. The factors are non-exclusive and include determining whether declining to hear the claim for declaratory relief will: avoid duplicative litigation; balance concerns of judicial administration, comity, and fairness to the litigants; settle all aspects of the controversy; whether the declaratory action will

3

1  serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is
2  being sought merely for the purposes of procedural fencing or to obtain a res judicata
3  advantage; or whether the use of a declaratory action will result in entanglement between the
4  federal and state court systems. *Dizol*, 133 F.3d at 1225 n.5 (citing *Brillhart*, 316 U.S. at 494-
5  95). In addition, the court may consider the convenience of the parties and the availability of
6  other remedies in determining whether to decline to hear a claim for declaratory judgment. *Id.*

7  In this case, several factors weigh in favor of abstention. First, the action was removed
8  from state court and the entirety of the legal claims raised by the complaint involve state law
9  issues. Here, the state court is an available forum in which to resolve the legal disputes
10 regarding the interpretation of MGIC's policy. Interpretation of the insurance policy language
11 pursuant to California law is entirely based upon principles of California state law. By
12 abstaining from exercising its discretionary declaratory jurisdiction here the Court will avoid
13 making a needless determination of state law.

14 The second factor the Court must consider is the avoidance forum shopping. The mere
15 removal of an action to federal court is not, of itself, considered forum shopping. *See Huth v.*
16 *Hartford Ins. Co.*, 298 F.3d 800, 804 (9th Cir. 2002). There is no evidence of forum shopping
17 by either party and the Court finds this factor neutral.

18 The third factor weighing in favor of abstention is the avoidance of duplicative or
19 piecemeal litigation. Here, the complaint contains no other non-discretionary claims which the
20 Court may not decline to hear. Piecemeal or duplicative litigation of discretionary and non-
21 discretionary claims, therefore, is not a concern here. *See Om Financial Life Ins. Co. v. Kell*,
22 2008 WL 220084, *7 (N.D. Cal. Jan. 25, 2008) (citing *Dizol*, 133 F.3d at 1225-26) ("[W]hen
23 other claims are joined with an action for declaratory relief, the district court should not, as a
24 general rule, remand or decline to entertain the claim for declaratory relief. If a federal court is
25 required to determine major issues of state law because of the existence of non-discretionary
26 claims, the declaratory action should be retained to avoid piecemeal litigation.") (internal
27 citations omitted).)
28

4

1  In its opposition, MGIC argues that the most appropriate relief under the Declaratory
2 Judgment Act is a stay of judicial proceedings pending resolution of the parties' disputes in
3 arbitration. MGIC initiated arbitration to resolve the disputed Countrywide claims for
4 insurance coverage and MGIC contends that, under the policy, the arbitrator has exclusive
5 authority to resolve the disputes. (*See* Complaint, Ex. A, Flow Policy § 7.6(a); *see also* Opp.
6 Br. at 4; Motion to Stay.) Defendant also contends that the strong federal interest in enforcing
7 arbitration agreements mandates a stay pursuant to the Federal Arbitration Act ("FAA").

8  However, the FAA provides no independent basis for federal jurisdiction. *See*
9 *Southland Corp. v. Keating*, 465 U.S. 1, 15 (1984). Indeed, the power to enforce an arbitration
10 clause is vested in both the state and federal courts and may only be enforced by the federal
11 court when federal jurisdiction is otherwise established. *Id*. Indeed, California courts share the
12 strong policy favoring arbitration as a method to resolve disputes. *See, e.g., Armendariz v.*
13 *Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 97, 99 (2000 ("California law, like
14 federal law, favors enforcement of valid arbitration agreements"). The Court does not find that
15 the potential resolution of some of the parties' disputes in an arbitral forum counsels against
16 remand of the present case apparently filed pursuant to the contract's arbitration exception
17 provision. Whether the parties' disputes in this matter arises under the arbitration clause or its
18 exception is more properly addressed by the state court. Accordingly, the Court GRANTS
19 Countrywide's motion to remand and DENIES AS MOOT MGIC's motion to stay the action
20 pending resolution of arbitration. The motion to stay is denied because the Court remands this
21 action and the motion is denied without prejudice to refiling in state court.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

5

**CONCLUSION**

For the foregoing reasons, Countrywide's motion to remand is GRANTED. This matter is REMANDED to the Superior Court of the State of California for the City and County of San Francisco. The Clerk is directed to remand this action forthwith.

**IT IS SO ORDERED.**

Dated: March 30, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE