IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTRYWIDE HOME LOANS, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> MORTGAGE GUARANTY INSURANCE CORPORATION, <br><br> Defendant. | No. C 10-00233 JSW <br><br> **ORDER DENYING DEFENDANT'S MOTION TO STAY ORDER OF REMAND PENDING APPEAL** |

Now before the Court is the motion to stay order of remand pending appeal filed by defendant, Mortgage Guaranty Insurance Corporation ("MGIC" or "Defendant"). The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Having carefully reviewed the parties' papers and considering their arguments and the relevant authority, and good cause appearing, the Court hereby DENIES MGIC's motion to stay order of remand pending appeal.

**BACKGROUND**

Plaintiffs Countrywide Home Loans, Inc. and BAC Home Loans Servicing, LP (collectively "Countrywide") filed a complaint for declaratory relief on December 17, 2009 in the Superior Court of the State of California for the City and County of San Francisco. The complaint contains a single cause of action seeking declaratory judgment, under California law, interpreting the rights and obligations of the parties under a standard "flow" mortgage insurance policy ("Flow Policy") issued by defendant MGIC. The complaint alleges that MGIC denies

1    mortgage insurance claims submitted by Countrywide, based on unreasonable interpretations of
2    the language contained in the standard mortgage insurance policy.  Countrywide filed their
3    complaint in state court to obtain a judicial interpretation of the policy language.  MGIC
4    removed the case to federal court pursuant to 28 U.S.C. § 1441(b).

5         Countrywide filed a motion to remand based on the premise that federal courts may
6    exercise broad discretion under the Declaratory Judgment Act to abstain from exercising its
7    jurisdiction where (1) resolution of the issues raised turn entirely on the application of state law;
8    (2) the case involves no additional claims over which the Court is unable to decline jurisdiction;
9    and (3) an available and preferable forum exists in the California state court.

10        MGIC argued that the standard Flow Policy contains an arbitration clause which
11   provides that "all controversies, disputes or other assertions of liability or rights arising out of
12   or relating to this Policy, including breach, interpretation or construction thereof, shall be
13   settled by arbitration."  (Complaint, Ex. A, Flow Policy § 7.6(a).)  A narrow exception to this
14   arbitration clause was limited to seeking declaratory relief on "matters of interpretation of the
15   Policy."  (*Id.*)  MGIC moves to stay this action pending resolution of the arbitration it has
16   initiated to resolve Countrywide's claims for insurance coverage.

17        In its opposition to the motion to remand, MGIC argued that the most appropriate relief
18   under the Declaratory Judgment Act was a stay of judicial proceedings pending resolution of
19   the parties' disputes in arbitration.  MGIC also affirmatively filed a motion to stay this action
20   pending resolution of arbitration.  Defendant argued that the strong federal interest in enforcing
21   arbitration agreements mandated a stay pursuant to the Federal Arbitration Act ("FAA").  The
22   Court denied Defendant MGIC's motion without prejudice on the basis that the Court denied to
23   exercise jurisdiction over the merits of the motion.  The Court found that issues regarding
24   contract interpretation and adjudication of the arbitration issue could be re-filed in state court.

25        On March 30, 2010, the Court issued an order granting Countrywide's motion to remand
26   on the basis that: (1) the action was removed from state court and the entirety of the legal claims
27   raised by the complaint involve state law issues and by abstaining from exercising its
28   discretionary declaratory jurisdiction, the Court avoids making a needless determination of state

United States District Court
For the Northern District of California

1  law; and (2) the complaint contains no other non-discretionary claims which the Court may not
2  decline to hear and thus, piecemeal or duplicative litigation of discretionary and non-
3  discretionary claims is not a concern here. *See* Order at 2-4 (citing *Brillhart v. Excess Ins. Co.*,
4  316 U.S. 491, 495 (1942); *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th
5  Cir. 1998)).

On March 31, 2010, MGIC filed a motion to stay the Court's order of remand pending appeal of that order.

On April 27, 2010, MGIC filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit of this Court's order granting Plaintiffs' motion to remand.

The Court will address additional specific facts as required in the analysis.

**ANALYSIS**

The Court finds its own order to remand is indeed appealable. An order of remand predicated on the Court's discretionary power to decline to exercise jurisdiction under the Declaratory Judgment Act is appealable. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 713 (1996); *Huth v. Hartford Ins. Co.*, 298 F.3d 800, 802 (9th Cir. 2002).

In *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, the Ninth Circuit set forth the factors regulating issuance of a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 512 F.3d 1112, 1115 (9th Cir. 2008) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). In ruling on a motion to stay pending appeal, the Ninth Circuit employs "two interrelated legal tests that 'represent the outer reaches of a single continuum. At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury. ... At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Golden Gate Restaurant Ass'n*, 512 F.3d at 1115-16 (citations omitted).

3

MGIC has not demonstrated that it is likely to prevail on the merits. As this Court found in its order granting remand, district courts have broad discretion whether to exercise their jurisdiction pursuant to the Declaratory Judgment Act. *See Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998); *see also Huth*, 298 F.3d at 802-03. In its order, the Court set forth its analysis of the oeprative *Brillhart* factors and their application to the facts presented. *See* Order at 2-4. The Court is not persuaded that its decision would be reversed under the abuse of discretion standard.

In addition, the Court does not find that MGIC will likely suffer irreparable injury as a result of the remand to state court. MGIC is entitled to pursue its claim for a stay pending arbitration in state court as this Court's denial of the motion was without prejudice and was based only on this Court's denial to exercise its jurisdiction over the substance of the matter. The Court is not persuaded that MGIC is entitled to a right to have its motion to stay pending arbitration decided in a federal, instead of a state, forum. Just as the Court found in its order granting remand, the FAA provides no independent basis for federal jurisdiction. *See Southland Corp. v. Keating*, 465 U.S. 1, 15 (1984). Indeed, the power to enforce an arbitration clause is vested in both the state and federal courts and may only be enforced by the federal court when federal jurisdiction is otherwise established. *Id.* Indeed, California courts share the strong policy favoring arbitration as a method to resolve disputes. *See, e.g., Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 97, 99 (2000 ("California law, like federal law, favors enforcement of valid arbitration agreements").

The Court abides by its earlier decision that whether the parties' disputes in this matter arises under the arbitration clause or its exception is more properly addressed by the state court. Defendant's motion to stay pending resolution of arbitration was denied without prejudice to refiling in state court and may be heard there without MGIC incurring any prejudice as a result.

On the scale of important legal interests and balance of hardships, because the Court did not decide MGIC's motion to stay pending resolution of arbitration on the merits, its claims of important legal interests are unpersuasive. The Court merely decided that any claim that issues raised by the complaint should be resolved in arbitration can be heard and decided by the state

4

court, the more suitable jurisdiction to hear the matter in its entirety. Because the state and federal courts have concurrent jurisdiction to enforce any arbitration provisions in the parties' contract, the Court finds there is no important legal interest at stake in its order to remand. Again, because there is an available forum to resolve the arbitrability issue, the Court finds there is no particular hardship endured by MGIC that favors a stay.

## CONCLUSION

For the foregoing reasons, MGIC's motion to stay the order of remand is DENIED. For the same reasons outlined above, the Court DENIES MGIC alternative request for entry of a temporary stay to permit MGIC to seek a stay from the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: May 4, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE